Wendy M. Feng
SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910
wfeng@seyfarth.com

Ritika Singh, *Admitted Pro Hac Vice*
2323 Ross Avenue, Suite 1660
Dallas, TX 75201
Phone: (469) 608-6763
Email: risingh@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| CHACOBRIAN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case No.  3:26-cv-00047-SLG-KFR |

### DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S SCHEDULING AND PLANNING CONFERENCE REPORT

**I.    Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with

326083243v.2

Page 1 of 11

Local Civil Rules 16.1 and 26.1(b), the parties conferred on **June 3, 2026**; the following persons participated: ***Pro Se Plaintiff Chacobrian Harris and Ritika Singh, Seyfarth Shaw LLP[1].*** The parties recommend the following:

II.     **Discovery Plan.**

    A.     **Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

    Yes ☐ No ✓ *[If yes, list proposed changes: ]*

    B.     **Initial Disclosures / Preliminary Witness Lists.**

        1.     The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

        (a) ☐ Has been exchanged by the parties.
        (b) ✓ Will be exchanged by the parties on or before:

        **June 18, 2026.**

        2.     Preliminary witness lists:

        (a) ☐ Have been exchanged by the parties.

        (b) ✓ Will be exchanged by the parties on or before **February 3, 2027.**

---

[1] Counsel for Equifax sent Plaintiff the instant Joint Report on Tuesday, June 3, 2026. Plaintiff provided that he would review the updated Joint Report for approval. Counsel for Equifax followed up with Plaintiff again on June 4, 2026, but did not hear back from Plaintiff.

326083243v.2

Page 2 of 11

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

(a) ✓ Have been complied with.

(b) ☐ Compliance will be accomplished on or before *[date]*.

(c) ☐ Rule 7.1 is not applicable.

**C.** **Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed:

Plaintiff anticipates conducting discovery on the following topics:
a. Equifax's dispute and reinvestigation procedures;
b. ACDV and e-OSCAR communications;
c. Internal notes, logs, and records related to disputes;
d. Documents relied upon to verify disputed information;
e. Agreements, communications, and reporting relationships with furnishers regarding the disputed accounts;
f. FCRA compliance policies, procedures, and training materials.

Defendant Equifax anticipates conducting discovery on the following topics:
a. Whether Plaintiff's Equifax credit file contained an inaccuracy;
b. Whether any Equifax consumer report regarding Plaintiff contained an inaccuracy;
c. Whether Equifax violated 15 U.S. Code § 1681g;
d. Whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff;
e. Whether Plaintiff disputed the accuracy of an item of information on

326083243v.2

Page 3 of 11

his credit file;

f. Whether any reinvestigation conducted by Equifax violated the FCRA;

g. Whether Plaintiff has met his burden of proving a claim against Equifax for negligent noncompliance with the FCRA;

h. Whether Plaintiff has met his burden of proving a claim against Equifax for willful noncompliance with the FCRA;

i. Whether Plaintiff suffered any damages proximately caused by any action or inaction of Equifax;

j. Whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Equifax pursuant to the FCRA;

k. Whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff himself;

l. Whether Plaintiff failed to mitigate his damages;

m. Whether some or all of Plaintiff's claims are barred by applicable statutes of limitations; and

n. Whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

2. Should discovery be conducted in phases or limited to or focused on particular issues?  Yes ☐ No ✓ *[If yes, please describe the proposed phases or limitations: ]*

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report. *[If one or both parties contend that good cause exists for additional time for discovery, please explain: ]*

4. **Final Discovery Witness List.**  A final discovery witness list

326083243v.2

Case 3:26-cv-00047-SLG-KFR    Document 18    Filed 06/04/26    Page 4 of 11

disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on **May 19, 2027** *[this date must be not less than 45 days prior to the close of fact discovery]*.[2]

5.  **Close of Fact Discovery.**   Fact discovery will be completed on or before **January 4, 2027** *[see paragraph C.3 above].*

6.  **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    (a) Expert witnesses shall be identified by each party on or before **April 16, 2027**, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

    (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

        (i) By all parties on or before *[date]*; <u>or</u>

            By plaintiff(s) on or before **February 3, 2027**, and by defendant(s) on or before **March 19, 2027**;

        (ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

    (c) Expert witness discovery (include depositions) shall be

---

[2] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

326083243v.2

Page 5 of 11

completed by: **April 16, 2027** *[see paragraph C.3 above].*

**D. Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

   Yes ☐ No✓ *[If yes, please identify the issue(s): ]*

2. Please state how ESI should be produced: *[Explain: ]*

3. Are there issues with preserving non-ESI discovery?

   Yes ☐ No ✓ *[If yes, please identify the issue(s): ]*

326083243v.2

Page 6 of 11

**E.  Claims of Privilege or Protection of Attorney Work Product**

*See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. ☐ There is no indication that this will be an issue.

2. ☐ The parties have entered into a confidentiality agreement.

3. ☐ The parties will file their proposed confidentiality agreement on or before: **June 30, 2026**.

**F.  Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. ✓ The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. ✓ The maximum number of depositions by each party will not exceed **10 (ten).**

3. ✓ The maximum number of interrogatories posed by each party will not exceed 25.

4. ✓ The maximum number of requests for admissions posed by each party will not exceed 40.

5. ✓ Other limitations: *limit to 40 Requests for Production.*

326083243v.2

**G. Supplementation of Disclosures and Discovery Responses.**

Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)? Yes ☐  No ✓ *[If yes, explain: ]*

**III. Pretrial Motions.**

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes ☐  No ✓ *[If yes, explain: ]*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than *November 3, 2026*. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than *January 4, 2027.*

3. Dispositive motions (including motions for summary judgment) will be filed not later than *April 19, 2027.*

4. Motions to exclude expert testimony shall be filed and served not later

326083243v.2

Page 8 of 11

than *May 19, 2027.*

**IV. Trial.**

    **A.** The case is expected to take *four* days to try.

    **B.** Has a jury trial been demanded?      Yes ✓ No ☐

    **C.** Is the right to jury trial disputed?      Yes ☐ No ✓

    **D.** The parties ✓do / ☐do not request the scheduling of a trial date at this time.[3]

        1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are <u>5 to 7 months</u> from the close of all discovery.

        2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

**V. Other Provisions.**

    **A. Court Conference.** The parties ☐ do / ✓ do not request a conference with the court before entry of a scheduling order. *[If requested, explain: ]*

    **B. Consent to Proceed before a Magistrate Judge.**

    The parties ☐do / ✓do not consent to trial before a magistrate judge.

---

[3] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge.

326083243v.2

Page 9 of 11

**C. Early Settlement / Alternative Dispute Resolution.**

    1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

    Yes ☐ No✓ *[If yes, explain: ]*

    2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

    Yes ☐ No ✓

**D. Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes ☐ No ✓ *[If yes, describe: ]*

**VI. Report Form.**

    **A.** Have the parties experienced a problem in using this form? Yes ☐ No ✓ *[If yes, explain: ]*

    **B.** Are there additional subjects that the parties would propose to add to this form? Yes ☐ No ✓ *If yes, explain: ]*

Dated: June 4, 2026                     Respectfully submitted,

                                        SEYFARTH SHAW LLP
                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*


                                        By: */s/Ritika Singh*
                                        Ritika Singh

                                        Ritika Singh, *Admitted Pro Hac Vice*
                                        2323 Ross Avenue, Suite 1660
                                        Dallas, TX 75201
                                        Phone: (469) 608-6763
                                        Email: risingh@seyfarth.com

                                        Wendy M. Feng
                                        999 Third Avenue
                                        Suite 4700
                                        Seattle, Washington  98104-4041
                                        (206) 946-4910
                                        wfeng@seyfarth.com

326083243v.2

Page 11 of 11